[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: REQUEST TO FILE AMENDED COMPLAINT (DOCKET ENTRY NO. 163) AND OBJECTION THERETO (DOCKET ENTRY NO. 175)
The plaintiff, Mary McAllister, filed a seven-count complaint (original complaint) against the defendant, Nick J. Downer d/b/a Downer Funeral Home, a/k/a Nick J. Downer Son Funeral Home, on July 5, 1994. The plaintiff alleges that on or about December 28, CT Page 15032 1993, her husband, William McAllister (the deceased) died at Norwalk Hospital. On or about December 29, 1993, the plaintiff and her son went to the defendant funeral home to make arrangements for the burial of the deceased. A funeral service was held on January 4, 1994, at which time the defendant informed the plaintiff that due to "bad weather," the burial of the deceased could not take place, but that he would call the plaintiff as soon as the weather cleared. Over the next several months, the plaintiff and her son unsuccessfully attempted to contact the defendant as to the arrangements for the burial of the deceased. Finally, on March 30, 1994, the plaintiff was informed by one of the defendant's employees that the deceased had already been buried. The plaintiff alleges that despite this representation, the burial of the deceased did not take place until April 7, 1994, when the deceased was buried without notice to the plaintiff. The plaintiff alleges that the defendant (1) failed to exercise the degree of care that a reasonably prudent member of the funeral profession would exercise under like circumstances; (2) acted recklessly; (3) knew or should have known that emotional distress was a likely result of his conduct, that his conduct was extreme and outrageous, that his conduct was the cause of the plaintiff's distress, and that the emotional distress sustained by the plaintiff was severe; (4) made false representations to the plaintiff; (5) made negligent misrepresentations to the plaintiff; (6) breached his agreement with the plaintiff; and (7) violated the Connecticut Unfair Trade Practices Act (CUTPA).
In light of the delay and confusion surrounding the burial of the deceased, the deceased's remains were exhumed on July 18, 1995, so that the plaintiff could be satisfied that it was indeed William McAllister who had been buried in April of 1994. (Report of Office of the Chief Medical Examiner). The plaintiff was present at the exhumation and examination to verify the identity of the remains. (Report of Office of the Chief Medical Examiner).
On July 8, 1998, the plaintiff filed a request for leave to file a first revised complaint (proposed complaint), purporting to amplify the allegations in counts one and seven, withdrawing count five of the original complaint and alleging a new cause of action for negligent infliction of emotional distress. The defendant filed a memorandum in opposition to the plaintiffs request for leave to file an amended complaint, arguing that the requested amendments and new allegations do not relate back to the original complaint and therefore should not be allowed. The CT Page 15033 court notes that several of the proposed amendments to the complaint are premised on the subsequent disinterment of the deceased's body and the plaintiff's identification of the same.
Pursuant to Practice Book § 10-60(a)(3), a party may amend his or her pleadings by filing a request for leave to file such amendment. Pursuant to Practice Book § 10-60(b), the court may restrain such amendments so far as may be necessary to compel the parties to join an issue in a reasonable time for trial.
 A. Proposed First Amended Complaint — Count One
The plaintiff seeks to include an additional paragraph (proposed ¶ 16) to the first count sounding in negligence, alleging that the exhumation was necessary due to the delay in burying the deceased's remains. The plaintiff also seeks to add additional allegations to paragraphs 20 (proposed ¶ 21) and 21 (proposed ¶ 22) which expand upon her injuries suffered as a result of the defendant's alleged negligence. In addition, the plaintiff seeks to add two new proposed paragraphs (proposed ¶¶ 23 and 24) which refer to the plaintiff's alleged damages as a result of the exhumation, examination and re-interment process.
The plaintiff argues that the proposed changes do not state new facts, but rather "clean up" the original complaint and amplify the causes of action stated therein. The plaintiff's position is that all of the proposed changes to count one are amplifications to the allegations made in the original complaint, rather than entirely new causes of action. The defendant argues that the inclusion of facts regarding the exhumation will force him to defend against entirely new claims. The defendant contends that under the original complaint, the negligence allegations made in count one went only to the delay in burial, rather than claims concerning the manner in which the burial was conducted, the transfer of the remains or supervision and custody of the remains. Therefore, the defendant contends, there is no nexus between the proposed amendments and the original allegations. The defendant also contends that he will be prejudiced by the delay in bringing the additional proposed claims in count one at this stage of the proceedings, and that due to the plaintiff's unreasonable delay in raising the proposed amendments to count one, the court should deny the request to file the amended complaint. Finally, the defendant argues that the proposed CT Page 15034 additions to count one constitute new causes of action which do not relate back to the allegations made in the original complaint, and therefore are barred by the statute of limitations.[1] The defendant argues also that the damages claimed in proposed paragraphs 23 and 24 regarding the exhumation occurred after the plaintiff filed the original complaint and therefore cannot be asserted in this action.
The court finds that the additional facts regarding the exhumation of the deceased's remains alleged in proposed count one constitute facts which arise from the core set of facts at hand in this case, and therefore do not constitute a new cause of action. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . ." (Citations omitted; internal quotation marks omitted.) Barrett v. Danbury Hospital,232 Conn. 242, 263-64, 654 A.2d 748 (1995).
The very need to exhume the remains of the deceased was occasioned by the defendant's alleged negligence, of which the defendant has had ample notice. In essence, the proposed additional allegations amplify and expand what has already been alleged — that the defendant was negligent in failing to bury the deceased in a timely and professional manner. From this breach of duty sprang the need to exhume the remains for examination, with the plaintiff in attendance, as well as the CT Page 15035 added cost of re-interment. Thus, the proposed changes to the first count do not constitute new causes of action, but relate back to the original facts alleged, and therefore are not barred by the statute of limitations.
As to the defendant's argument that he will be prejudiced if the amendments are allowed, the court is not persuaded. "Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Connecticut National Bank v.Voog, 233 Conn. 352, 364, 659 A.2d 172 (1995). "The essential tests are whether the ruling of the court will work an injustice to either [party] and whether the granting of the motion will unduly delay a trial." (Internal quotation marks omitted.) Constantine v. Schneider, 49 Conn. App. 378,390, ___ A.2d ___ (1998). The defendant has not shown that in order to defend against the exhumation-related claims, he will be required to gather different facts, witnesses and evidence.[2]Constantine v. Schneider, supra, 49 Conn. App. 388. In addition, the trial of this matter is not imminent.[3] Even if the trial date were imminent, the court may in its discretion allow the filing of amendments before, during and after trial so that the complaint may conform to the evidence. Id., 389. Accordingly, for all of the above reasons, the plaintiff's request to add and revise the allegations in proposed count one paragraphs 16, 21, 22, 23 and 24 is granted.[4]
 B. Addition of Proposed Count Two — Negligent Infliction of Emotional Distress
The plaintiff argues that the new proposed allegations of count two sounding in negligent infliction of emotional distress relate back to the claims made in the original complaint. The defendant argues that the claims are entirely new, and are therefore barred by the statute of limitations. The court finds the defendant's argument to be more persuasive here. Despite a correlation between the allegations of proposed count two and some allegations in the original complaint, there is no doubt that the plaintiff seeks to allege an entirely new cause of action. While the plaintiff argues that the allegations in proposed count two are an amplification of the allegations made in the original complaint, the allegations in proposed count two go further by altering the identity of the original causes of action. Accordingly, the plaintiff's request for leave to file CT Page 15036 amended count two sounding in negligent infliction of emotional distress is denied.
 C. Count Seven — CUTPA
Again, the plaintiff argues that the proposed revisions to count seven merely amplify the CUTPA allegations made in the original complaint. The defendant argues that the proposed revisions would expand the scope of the CUTPA allegations to cover persons other than the plaintiff. The court finds that the proposed revisions of count seven amplify the CUTPA allegations found in the original complaint and allege no new facts or causes of action. The reference in proposed count seven to "persons such as the plaintiff" does not constitute a new claim by additional plaintiffs. Accordingly, the plaintiff's request for leave to amend count seven of the complaint is granted.
The allegations regarding the exhumation and examination of the deceased's remains arise out of the same occurrence or transaction as those alleged in the original complaint. Because the defendant had notice that he was being sued due to his negligent treatment of the remains of the deceased, he is not prejudiced by the introduction of additional facts concerning the exhumation and examination. Therefore, the court grants the plaintiff's request for leave to file an amended complaint as to count one. The cause of action sounding in negligent infliction of emotional distress in the proposed second count of the first amended complaint, by contrast, raises an entirely new cause of action which does not relate back to the negligence claims alleged in the original complaint. These claims are now barred by the statute of limitations. Therefore, the court denies the plaintiff's request for leave to amend the complaint as to count two. The proposed amendments to count seven of the complaint amplify and expand the CUTPA claims brought in the original complaint. Therefore, the court grants the plaintiff's request for leave to amend the complaint as to count seven.
SKOLNICK, J.